FILED IN CHAMBERS
U.S.D.C. Rome

AUG 28 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLON WRIGHT, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| TONY HENDERSON, Warden, | : | CIVIL ACTION NO. |
| et al., | : | 1:07-CV-1758-RLV |
|    Defendants. | : | |

## ORDER

Plaintiff, Marlon Wright, an inmate at Phillips State Prison in Buford, Georgia, seeks leave to file this civil rights action without prepayment of the $350.00 filing fee, other fees, or security therefor, pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1, 2.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A review.

### I.   28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous

when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A litigant fails to state a claim when he fails to plead "enough factual matter (taken as true)" to plausibly support his claim for relief and, thereby, give the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's factual allegations, construing them favorably to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by

2

a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Discussion

Plaintiff brings this civil rights complaint against Tony Henderson, Warden at Phillips State Prison and Andrew McLendon and T. Callahan, Counselors at that facility. (Doc. No. 1 ¶ III.) Plaintiff complains about the Defendants' failure to test him for diethylene glycol poisoning. (Id. ¶ IV.) Plaintiff alleges the following: (1) on June 1, 2007, the Food and Drug Administration (FDA) and/or the Department of Administrative Services issued a warning that Chinese toothpaste, Spring Fresh, contained diethylene glycol and should not be used; (2) by June 11, 2007, the Georgia Department of Corrections (GDOC) began collection of that toothpaste; (3) on June 13, 2007, Henderson directed his staff to collect the Spring Fresh toothpaste at Phillips; and (4) the Spring Fresh toothpaste contained diethylene glycol in amounts up to five percent. (Id. ¶ V.) Plaintiff contends that on June 22, 2007, he filed an informal grievance that stated he had exposed nerves in his mouth, was concerned that he may have absorbed diethylene glycol, was suffering "extreme mental distress due

3

to the fact [that he did not know his] health status," and wanted to be tested for poisoning. Plaintiff states that McLendon told him the matter was non-grievable. (Doc. No. 1, Attach. ¶ 1.) Plaintiff states that on July 6, 2007, he filed a grievance against McLendon and repeated his previous concerns, but that Callahan rejected the matter as non-grievable. (Id. ¶ 2.) Plaintiff states that he also wrote Henderson, repeated his concerns, and complained regarding McLendon's rejection of his grievance. (Id. ¶ 3.) Plaintiff states that on July 16, 2007, he spoke with Henderson, repeated his concerns and added that he was "suffering from pain in [his] kidneys that might be stemming from using [the] toothpaste," but that Henderson told him it was a non-grievable issue. (Id.) Plaintiff further states that he has filled out medical sick call requests and written the facilities Health Service Administrator, to no avail. (Id.) Plaintiff makes numerous references to the mental stress he is suffering by not knowing his health status and contends that Defendants have violated his constitutional rights (to due process and equal protection, and to be free from cruel and unusual punishment) by acting with deliberate indifference to his serious medical need to be tested for diethylene glycol poisoning. (Doc. No. 1 ¶ IV.) Plaintiff seeks injunctive relief and damages. (Id. ¶ IV, V.)

AO 72A
(Rev.8/82)

Plaintiff's brief reference to his due process and equal protection rights is insufficient to raise any claim in regard thereto, and it is apparent from the content of his complaint that he attempts to raise an Eighth Amendment claim regarding the treatment of his alleged medical need to be tested. The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1243, 1245-46 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 1243.

This Court takes judicial notice of the FDA's June 1, 2007, press release on the matter that states,

> FDA is not aware of any U.S. reports of poisonings from toothpaste containing DEG [diethylene glycol]. However, the agency is concerned about potential risks from chronic exposure to DEG and exposure to DEG in certain populations, such as children and individuals with kidney or liver disease. DEG in toothpaste has a low but meaningful risk of toxicity and injury to these populations. Toothpaste is not intended to be swallowed, but FDA is concerned about unintentional swallowing or ingestion of toothpaste containing DEG.

www.fda.gov at "press releases," "FDA Advises Consumers to Avoid Toothpaste From China Containing Harmful Chemical."

It is apparent from reading Plaintiff's pleadings that his chief complaint is his mental worry regarding the possible harmful effects of the toothpaste. This Court finds that Plaintiff's one reference, in his July 16 conversation with Henderson, that he was experiencing "pain in [his] kidneys that might be stemming from using [the] toothpaste," when read in light of the FDA's statement, is insufficient to show an objectively serious medical need for the purpose of stating a claim under the Eighth Amendment. Accordingly, this action fails.

## III. Conclusion

For the reasons stated above, **IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 28th day of Aug., 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE